# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No.

TYLER ROBINSON,

        Plaintiff,

v.

GW RIDGE LLC,

        Defendant.

## NOTICE OF REMOVAL

Defendant GW Ridge LLC ("Ridge"), through undersigned counsel, respectfully removes the state court action captioned *Tyler Robinson v. GW Ridge LLC*, Case No. 2021CV30507, filed in the District Court of Larimer County, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and as grounds states the following:

### I.   OVERVIEW

Plaintiff commenced this action against Ridge in the District Court of Larimer County, Colorado on July 15, 2021 asserting claims of breach of contract, violation of the Colorado Wage Claim Act ("CWCA"), and violation of the Fair Labor Standards Act ("FLSA"). *See* Complaint, **Exhibit 1**. Ridge was served on July 16, 2021. *See* Affidavit of Service, **Exhibit 2**.

This case is removable pursuant to 28 U.S.C. § 1441(c) because Plaintiff's state court complaint presents a federal question. Thus, as set forth more fully below, this case meets all of the requirements of Sections 1331 and, through this notice, is timely and properly removed.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 § U.S.C. 1331.

This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff presents a federal question. Plaintiff's Complaint alleges unpaid minimum wage and overtime violations under the FLSA, a federal statute ("Federal Claim"). **Exhibit 1**, at ¶¶ 46-54. In his Federal Claim, Plaintiff alleges that he was as a non-exempt employee and Ridge failed to pay him minimum wages and overtime pay in violation of the FLSA. *Id.*, at ¶¶ 49-53. Therefore, this is a civil action arising under the Constitution and laws of the United States. *See* 28 U.S.C. § 1331; *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 386 (1998) (holding that the presence of even one claim "arising under" federal law is sufficient for removal); *BellSouth Telecommunications, Inc. v. MCImetro Access Transmission Servs., Inc.*, 317 F.3d 1270, 1278 (11th Cir. 2003) ("For purposes of 28 U.S.C. § 1331 jurisdiction, all that is required is that there be an arguable claim arising under federal law."); *Thomas v. Bank of Am. Corp.*, 12-CV-00797-PAB-KMT, 2012 WL 1431224, at *2 (D. Colo. Apr. 25, 2012).

## III. THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS.

In his Complaint, Plaintiff also alleges a claim for breach of contract ("Breach of Contract Claim") and violation of the CWCA ("CWCA Claim") (collectively "State Claims"). In his Breach of Contract Claim, Plaintiff alleges Ridge failed to pay him wages for nine weeks and two days of work. *Id.*, at ¶¶ 29-36. In his CWCA Claim, Plaintiff alleges Ridge failed to pay him his earned wages. *Id.*, at ¶¶ 37-45. The controversy underlying the State Claims, as well as Plaintiff's Federal Claim, focuses on Plaintiff's earned wages during his employment with Ridge. As Plaintiff's State Claims are "part of the same case or controversy" as his Federal Claim, the Court's exercise of supplemental jurisdiction over Plaintiff's State Claims is appropriate under 28 U.S.C. § 1367 and

removal of all of Plaintiff's claims is proper.

Pursuant to 28 U.S.C. § 1367(c), a court can decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

None of the four bases for declining supplemental jurisdiction exist in this case. Plaintiff's State Claims are neither novel, nor complex, and they are based on the same set of facts as the claims over which the Court has original jurisdiction. Additionally, there are no exceptional circumstances that justify declining exercise of supplemental jurisdiction over Plaintiff's State Claims in this case. Because the State Claims are based on the same set of facts, declining to exercise supplemental jurisdiction would result in two separate lawsuits regarding the same set of facts pending against the same defendant in two different forums at the same time. Accordingly, this Court should not decline to exercise supplemental jurisdiction over Plaintiff's State Claims.

Therefore, pursuant to 28 U.S.C. § 1367, since this Court has original subject-matter jurisdiction over Plaintiff's Federal Claim and supplemental jurisdiction over the State Claims, and because the State Claims are based on the same facts as the Federal Claim, Ridge may remove this action pursuant to 28 U.S.C. §§ 1331 and 1441, because Plaintiff presents a federal question to be resolved.

**IV.     NOTICE OF REMOVAL IS TIMELY.**

In general, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

Here, Plaintiff served Ridge on July 16, 2021. *See* Affidavit of Service, **Exhibit 2**. Ridge filed the instant Notice of Removal on August 13, 2021. Because this Notice of Removal is filed within thirty (30) days of Ridge having been served with the Complaint, it is timely filed under 28 U.S.C. § 1446(b)(1). *See, e.g., Murphy Brothers v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 356 (1999); *Cellport Sys., Inc. v. Peiker Acustic GMBH & Co. KG*, 335 F. Supp. 2d 1131, 1134 (D. Colo. 2004).

**V.     ALL DEFENDANTS WHO HAVE BEEN PROPERLY JOINED AND SERVED CONSENT TO THE REMOVAL OF THIS ACTION**

Ridge is the only defendant served in this action. Ridge consents to the removal of this action. Therefore, the requirements under 28 U.S.C. § 1446(b)(2)(A) are satisfied.

**VI.     THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

In addition to satisfying the jurisdictional and timing requirements, Ridge has also satisfied all other procedural requirements for removal:

1.     The District Court of Larimer County, Colorado is located within the District of Colorado.  *See* 28 U.S.C. § 1441(a).

2.     No previous application has been made for the relief requested in this notice.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings, process and orders received by Ridge are identified as follows:

**Exhibit 1**: Complaint

**Exhibit 2**: Affidavit of Service

**Exhibit 3:** District Court Civil Case Cover Sheet

**Exhibit 4**: Summons

**Exhibit 5**: Notice Judicial Civil Case Management

**Exhibit 6**: Notice of Filing of Affidavit of Service

**Exhibit 7**: Defendant's Unopposed Motion for Extension of Time to Respond to Complaint & Proposed Order

**Exhibit 8:** Order Granting Defendant's Unopposed Motion for Extension of Time to Respond to Complaint & Proposed Order

4. Pursuant to D.C.COLO.L.Civ.R 81.1(b), a copy of the current docket from the District Court of Larimer County, Colorado is also attached as **Exhibit 9**. There are no pending motions, petitions, or related responses, replies, or briefs before the District Court of Larimer County, Colorado.

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the District Court of Larimer County, Colorado.

6. A Civil Cover Sheet and Supplemental Civil Cover Sheet has been filed contemporaneously with this Notice of Removal.

WHEREFORE, Ridge respectfully removes this action from the District Court of Larimer County, Colorado, bearing Civil Action No. 2021CV30507, to the United States District Court for the District of Colorado.

Dated: August 13, 2021

*s/ Danielle Van Katwyk*
Danielle Van Katwyk
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Fax: 303.629.0200
Email: chawilson@littler.com

and

*s/ Charles H. Wilson*
Charles H. Wilson
Littler Mendelson, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
Telephone:  713.951.9400
Fax:  713.951.9212
Email:  chawilson@littler.com

*Attorneys for Defendant
GW Ridge LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of August, 2021, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

J. Mark Baird
Beth Doherty Quinn
Baird Quinn LLC
The Bushong Mansion
2036 East 17th Avenue
Denver, CO 80206
Phone: 303.813.4500
Email: jmb@bairdquinn.com
            bdq@bairdquinn.com

*s/ Valerie Gremillion*
Valerie Gremillion

4820-1236-8885.5 / 112947-1001