EXHIBIT 1

*[Handwritten notes:]* GW Ridge LLC / c/o Registered Agents Inc / 1942 Broadway St / Suite 314C / Boulder co [illegible]

| | |
|---|---|
| DISTRICT COURT, LARIMER COUNTY<br>STATE OF COLORADO<br><br>Court Address:<br>201 La Porte Avenue<br>Fort Collins, Colorado 80521 | |
| Plaintiff: **TYLER ROBINSON**<br><br>v.<br><br>Defendant: **GW RIDGE LLC** | ▲ **COURT USE ONLY** ▲ |
| *Attorneys for Plaintiff*<br><br>J. Mark Baird, #22276<br>Beth Doherty Quinn, #26015<br>Baird Quinn LLC<br>*The Bushong Mansion*<br>2036 East 17th Avenue<br>Denver, Colorado 80206<br>Telephone: 303.813.4500<br>Facsimile:   303.813.4501<br>Email: jmb@bairdquinn.com<br>          bdq@bairdquinn.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff Tyler Robinson, by and through his counsel, Baird Quinn LLC, and for this Complaint against Defendant GW Ridge LLC, states and alleges as follows:

## I.    **INTRODUCTION**

1.    This is an action to recover compensation owed to Plaintiff Tyler Robinson ("Mr. Robinson") from his former employer, GW Ridge LLC ("GW Ridge").

2.    Mr. Robinson seeks to recover all earned salary, as well as penalties and attorneys' fees and costs under the Colorado Wage Act and Fair Labor Standards Act.

## II. PARTIES, JURISDICTION, AND VENUE

3. Mr. Robinson is, and was at all material times, a resident of the State of Idaho.

4. Defendant GW Ridge LLC is a foreign corporation with offices at 1109 Oak Park Dr #125, Fort Collins, CO 80525.

5. This Court has jurisdiction over this case because Defendant transacted business, employed Plaintiff and other employees, and/or breached statutory and contractual obligations, within this State and Judicial District at all times referenced in this Complaint.

6. This Court is the proper venue for this action because Defendant transacted business, employed Plaintiff and other employees, and/or breached statutory and contractual obligations, within this State and Judicial District at all times referenced in this Complaint.

## III. FACTUAL ALLEGATIONS

7. Defendant GW Ridge is a provider of energy infrastructure solutions focused on midstream services.

8. In approximately March 2021, Defendant GW Ridge acquired Milestone Companies LLC ("Milestone Companies").

9. On March 15, 2021, Defendant GW Ridge filed a Statement of Foreign Entity Authority with the Colorado Secretary of State.

10. On March 23, 2021, Defendant GW Ridge registered with the Colorado Secretary of State to use the trade name Milestone Companies LLC.

11. As of the date GW Ridge acquired Milestone Companies, Mr. Robinson was employed by the Milestone Companies in a full-time capacity as Health, Safety and Environmental Manager.

12. As Health, Safety and Environmental Manager for the Milestone Companies, Mr. Robinson was paid an annual salary of $155,000.00.

13. Mr. Robinson was assigned to, and occasionally worked out of, the Fort Collins office of Milestone Companies prior to GW Ridge's acquisition of the Milestone Companies.

14. Mr. Robinson became employed by GW Ridge effective March 24, 2021.

15. GW Ridge hired Mr. Robinson at the same salary Mr. Robinson had while he was employed by the Milestone Companies.

16. Effective March 24, 2021, Mr. Robinson became employed by GW Ridge as a Safety Manager at a salary of $155,000.00 per year.

17. Mr. Robinson continued to be assigned to the Fort Collins office after GW Ridge's acquisition of the Milestone Companies.

18. After he commenced employment with GW Ridge, Mr. Robinson worked on multiple projects for GW Ridge.

19. Mr. Robinson worked about sixty (60) hours per week as Safety Manager for GW Ridge.

20. GW Ridge agreed to pay Mr. Robinson every Friday.

21. On June 11, 2021, GW Ridge laid-off Mr. Robinson from his employment.

22. Mr. Robinson worked continuously for GW Ridge from March 24, 2021 through June 11, 2021.

23. Even though Mr. Robinson was employed by GW Ridge and performed services for GW Ridge for eleven (11) weeks and two (2) days, GW Ridge paid Mr. Robinson for only two (2) weeks of his employment.

24. For the two (2) weeks for which Mr. Robinson was paid by GW Ridge, GW Ridge paid him at an annualized rate of $155,000 per year.

25. GW Ridge did not pay Mr. Robinson his earned salary upon his lay-off from employment with GW Ridge.

26. After he was laid-off, Mr. Robinson sent GW Ridge a demand for payment of wages pursuant to the Colorado Wage Act.

27. Even though GW Ridge acknowledged receipt of Mr. Robinson's demand for payment of wages and admitted that it owed Mr. Robinson additional wages, it has failed and refused to pay Mr. Robinson any of the amounts owed to him for past due salary.

28. Defendant GW Ridge's failure to pay Mr. Robinson was, and continues to be, a willful violation of the Colorado Wage Act.

## IV.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Breach of Contract

29. Mr. Robinson incorporates the preceding allegations of this Complaint as if fully set forth herein.

30. Mr. Robinson worked for Defendant GW Ridge from March 24, 2021 to June 11, 2021, for a total of eleven (11) weeks and two (2) days.

31. Defendant GW Ridge only paid Mr. Robinson for two (2) weeks of his employment, and has failed and refused to pay Mr. Robinson for the remaining nine (9) weeks and two (2) days.

32. Mr. Robinson satisfactorily performed his duties and responsibilities for Defendant GW Ridge.

33. Mr. Robinson substantially performed under his contract with Defendant GW Ridge.

34. By failing to pay Mr. Robinson as agreed, Defendant GW Ridge materially breached its contract with Mr. Robinson.

35. Defendant GW Ridge's breach of contract is willful.

36. Mr. Robinson has been damaged by Defendant GW Ridge's breach of contract.

## SECOND CLAIM FOR RELIEF
### Wage Act Claim

37. Mr. Robinson incorporates the preceding allegations of this Complaint as if fully set forth herein.

38. At all times relevant to this action, Defendant GW Ridge was an employer as that term is defined by C.R.S. § 8-4-101(6).

39. At all times relevant to this action, Mr. Robinson was an employee of Defendant GW Ridge as that term is defined by C.R.S. § 8-4-101(5).

40. Defendant GW Ridge failed to pay Mr. Robinson his earned wages as defined by the Colorado Wage Act.

41. After his employment ended, Mr. Robinson demanded payment of the earned wages and compensation from Defendant GW Ridge.

42. Defendant failed to pay Mr. Robinson his earned wages, as required by the Colorado Wage Act, in response to his demand for payment.

43. Defendant GW Ridge's violation of the Colorado Wage Act was willful.

44. Mr. Robinson is entitled to recover the earned wages as provided in the Colorado Wage Act.

45. Mr. Robinson is entitled to recover the mandatory and willfulness penalties, and his attorneys' fees and costs incurred in this matter, due to Defendant GW Ridge's breach of its statutory obligations under the Wage Act.

## THIRD CLAIM FOR RELIEF
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (CLAIM FOR OVERTIME PAY IS MADE IN THE ALTERNATIVE)

46. Mr. Robinson incorporates the preceding allegations of this Complaint as if fully set forth herein.

47. At all times relevant to this action, Defendant GW Ridge was an employer as that term is defined by 29 U.S.C. § 203(e)(1).

48. At all times relevant to this action, Mr. Robinson was an employee of Defendant GW Ridge as that term is defined by 29 U.S.C. §203(d).

49. Plaintiff was a non-exempt employee of Defendant GW Ridge and entitled to the payment of minimum wages and overtime as required by the FLSA.

50. Mr. Robinson worked more than 40 hours in each full work-week he was employed by Defendant GW Ridge.

51. There were multiple work weeks in which Defendant GW Ridge failed to pay Mr. Robinson the minimum wage for the hours he worked in that work week.

52. There were multiple work weeks in which Defendant GW Ridge failed to pay Mr. Robinson overtime at the statutorily prescribed overtime rate even though Mr. Robinson worked more than forty (40) hours in the work week.

53. Defendant GW Ridge's violations of the Fair Labor Standards Act were willful, thus entitling Mr. Robinson to liquidated damages.

54. Mr. Robinson is further entitled to recover his attorneys' fees and costs in this matter due to Defendant GW Ridge's breach of its statutory obligations under the Fair Labor Standards Act.

## V. PRAYER FOR RELIF

WHEREFORE, Plaintiff Tyler Robinson respectfully requests that this Court enter judgment in his favor and against Defendant GW Ridge, and grant:

1. Compensatory damages including the payment of all monies and benefits to which Plaintiff is entitled;

2. Penalties under the Colorado Wage Act, including but not limited to penalties for Defendant's willful violations of the Act.

3. Minimum wage and overtime pay owed under the Fair Labor Standards Act.

4. Penalties for Defendant's willful violations of the Fair Labor Standards Act.

5.  Attorneys' fees and the costs of this action, including expert witness fees, on all claims allowed by law;

6.  Pre- and post-judgment interest at the lawful rate; and

7.  Any further relief that this Court deems just and proper, and any other relief as allowed by law.

**PLAINTIFF REQUESTS A JURY ON ALL MATTERS SO TRIABLE.**

Dated: July 15, 2021.

Respectfully submitted,

Baird Quinn LLC

In accordance with C.R.C.P. 121 §1-26(9), a printed copy of this document with original sig6natures is being maintained by the filing party and will be made available for inspection by the other parties or the court upon request.

BY: /s/ J. Mark Baird
J. Mark Baird, #22276
Beth Doherty Quinn, #26015
2036 East 17th Avenue
Denver, Colorado 80206
Telephone: (303) 813-4500
Facsimile: (303) 813-4501
Email: jmb@bairdquinn.com
       bdq@bairdquinn.com

ATTORNEYS FOR PLAINTIFF